**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

United States of America,

                Plaintiff,        Case No. 17-cv-10133

v.                                      Judith E. Levy
                                      United States District Judge

Darold Whitehead,

                                      Mag. Judge David R. Grand
                Defendant.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [15]**

This Federal Direct Loan Program consolidation loan collection action is before the Court on plaintiff's motion for summary judgment brought pursuant to Fed. R. Civ. P. 56(a). (Dkt. 15.)

Plaintiff, the United States' motion for summary judgment was filed on May 15, 2017. (*Id.*) Defendant, Darold Whitehead, who is proceeding *pro se*, has not responded to the motion, and the time for doing so has long since expired. E.D. Mich. R. 7.1(d)(1)(B) (requiring a response to a dispositive motion within 21 days after service of the motion). On July 17, 2017, the Court ordered defendant to file a

response to the government's motion on or before August 4, 2017. (Dkt. 18.) To date, defendant has not filed a response nor contacted the Court regarding his failure to do so.

The government moves for summary judgment on the ground that "defendant has asserted no valid defense to the [ ] consolidation loan that is the subject of this litigation" and therefore there is no genuine issue of material fact for trial. (Dkt. 15 at 4–5.) Having reviewed the pleadings, briefs, and supporting documents submitted by the parties, the Court concludes that oral argument is not necessary. E.D. Mich. R. 7.1(f)(2). For the reasons set forth below, plaintiff's motion will be granted.

**I. Statement of Facts**

On or about June 20, 2004, Darold Whitehead signed a promissory note to secure a direct consolidation loan from the U.S. Department of Education. (Dkt. 1 at 4.) "Consolidation loans enable borrowers to consolidate all of their outstanding education loan obligations into a single loan, typically at a lower rate of interest. The underlying loans are extinguished and a new loan is issued in an amount sufficient to pay off and retire the borrower's previous debts." (Dkt. 15 at 4.) The

loan was disbursed on August 16, 2004, in the amount of $6,879.60 at an interest rate of 4.375% per year. (Dkt. 1 at 3.) The terms of the payment plan were set forth in the promissory note, and plaintiff alleges that defendant defaulted on his payment obligation on October 1, 2012. (*Id.*) On September 19, 2016, the U.S. Department of Education prepared a Certificate of Indebtedness and referred the loan to the Department of Justice for collection. (*Id.*) As of the date the complaint was filed, defendant owed $11,001.33 on the loan. (Dkt 15-4 at 2.)

Defendant's answer fails to address the consolidation loan that is the subject of this litigation. (*See* Dkt. 9.) Instead, defendant raises defenses pertaining to an agreement into which he entered into in April 1989. Specifically, defendant asserts that he entered into an "agreement to further his education with Jordan College," that "the faculty of the school . . . began to become no-shows to the school at or around October 1989," and that plaintiff "decided to discontinue his schooling" in November 1989.[1] (*Id.*)

---

[1] The Court is not unsympathetic to Mr. Whitehead's argument that the loan at issue was obtained so that he could attend a now closed college that failed to provide him a meaningful educational opportunity. Sadly, this defense is not adequate to defeat the government's motion.

## II. Standard of review

Summary judgment is required where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court "views the evidence, all facts, and any inferences that may be drawn from the facts in the light most favorable to the nonmoving party." *Pure Tech Sys., Inc. v. Mt. Hawley Ins. Co.*, 95 F. App'x 132, 135 (6th Cir. 2004) (citing *Skousen v. Brighton High Sch.,* 305 F.3d 520, 526 (6th Cir.2002)).

The Sixth Circuit has held that "a district court cannot grant summary judgment in favor of a movant simply because the adverse party has not responded. The court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he

has discharged that burden." *Carver v. Bunch*, 946 F.2d 451, 455 (6th Cir. 1991).

The non-movant cannot, however, "rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence" to defeat the motion. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989). The "mere existence of a scintilla of evidence in support of the [non-movant's] position will be insufficient." *Liberty Lobby*, 477 U.S. at 252. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249-250.

## III. Analysis

"To recover on a promissory note, the [plaintiff] must first make a prima facie showing that (1) the defendant signed it, (2) the government is the present owner or holder, and (3) the note is in default." *United States v. Petroff-Kline*, 557 F.3d 285, 290 (6th Cir. 2009) (internal citations omitted). "For that purpose, the [plaintiff] may introduce evidence of the note and a sworn transcript of the account or certificate of indebtedness." (*Id.*)

In this case, plaintiff has introduced sufficient evidence to establish its prima facie case. Exhibit A to the motion for summary judgment is the promissory note signed by defendant. (Dkt. 15-2.) Exhibit B is a certificate of indebtedness stating that the defendant is indebted to the United States and that the defendant defaulted on the debt. (Dkt. 15-3.) Exhibit C is an affidavit from a U.S. Department of Education Loan Analyst affirming the accuracy of the certificate of indebtedness. (Dkt. 15-4.) All three of the required elements for the prima facie case are established.

Once the plaintiff establishes a prima facie case for recovery, the burden shifts to the defendant to prove "the nonexistence, extinguishment, or variance in payment of the obligation." *Petroff-Kline,* 557 F.3d at 290 (citing *United States v. Davis*, 28 Fed. Appx. 502, 503 (6th Cir. 2002)). Here, defendant is a *pro se* litigant who neglected to answer plaintiff's motion for summary judgment. Plaintiff set forth each of the *prima facie* elements with credible and acceptable evidence, and defendant has failed to produce any evidence to rebut plaintiff's claim. Therefore, there is no genuine issue of material fact in this dispute.

Accordingly, plaintiff's motion for summary judgment (Dkt. 15) is GRANTED. Judgment shall be entered in favor of the government in the amount of the claim, $11,001.33; additional interest accruing from the date of the filing of the complaint until the date of judgment at the rate of 4.375% per year; post-judgment interest accruing pursuant to 28 U.S.C. § 1961(a)[2] until the indebtedness is paid in full; and court costs in the amount of $400.00.

IT IS SO ORDERED.

Dated: October 27, 2017       s/Judith E. Levy
Ann Arbor, Michigan       JUDITH E. LEVY
     United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 27, 2017.

     s/Shawna Burns
     SHAWNA BURNS
     Case Manager

---

[2] Such interest "shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment."